IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE WORKFORCE DEVELOPMENT AREA OF NORTHWEST,<br>    Plaintiff,<br><br>               v.<br><br>COMMONWEALTH OF PUERTO RICO ET AL.,<br><br>    Defendants. | CIV. NO. 19-1621 (SCC) |

**OPINION AND ORDER**

Plaintiff Workforce Development Area of Northwest is an intermunicipal body formed under Puerto Rico law. *See* 21 P.R. LAWS ANN. tit. § 7013(p). It brings this lawsuit against defendants Commonwealth of Puerto Rico, Domingo Emmanuelli-Hernández in his official capacity as the Secretary of Justice, Pedro R. Pierluisi in his official capacity as the Governor of Puerto Rico, Manuel Cidre-Miranda in his official capacity as the Secretary of the Department of Economic Development and Commerce, and Emilio Colón-Zabala in his official capacity as President of the State

Workforce Development Board, claiming under 42 U.S.C. § 1983 that they have violated its due-process rights and the Workforce Innovation and Opportunity Act, 29 U.S.C. §§ 3101–3344, by denying it funds that it is entitled to.

The Commonwealth defendants move the Court to dismiss Workforce Development Area's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. BACKGROUND

The Workforce Innovation and Opportunity Act gives federal funding to states to provide education and training services to help people improve their employment prospects. DAVID H. BRADLEY, CONG. RESEARCH SERV., R44252, THE WORKFORCE INNOVATION AND OPPORTUNITY ACT AND THE ONE-STOP DELIVERY SYSTEM 15 (Jan. 2021). The state, in turn, allocates that funding to local areas, *id.* at 17, such as Workforce Development Area.

To provide education and training services, Workforce Development Area leased a building. Docket No. 1, pg. 7. Its lease includes an automatic-renewal clause. *Id.* at 8. Because

| | |
|---|---:|
| The Workforce Development Area of Northwest<br>v. Commonwealth of Puerto Rico et al. | Page 3 |

they believe that this clause violates Puerto Rico law, the defendants withheld funding from it. *Id.* at 10–11.

Workforce Development Area filed suit, seeking (1) a declaration that the defendants have violated federal law by withholding its funding, (2) a preliminary and permanent injunction ordering the defendants to disburse its funding, and (3) a declaration that the defendants' threat to withhold future funding is a violation of their federal rights. *Id.* at 20.

## II.   MOTION TO DISMISS

The Commonwealth defendants move the Court to dismiss Workforce Development Area's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 39. They argue that sovereign immunity shields them from suit, Workforce Development Area lacks standing to bring a § 1983 action, their challenged conduct is proper under Puerto Rico law, and Workforce Development Area has failed to exhaust its administrative remedies.

We evaluate a Rule 12(b)(1) motion raising a legal question and a Rule 12(b)(6) motion under the same framework: We

The Workforce Development Area of Northwest
v. Commonwealth of Puerto Rico et al.

Page 4

"accept the well-pleaded facts alleged in the complaint as true," drawing "all inferences in the pleader's favor," then ask whether the pleader has shown that we have subject-matter jurisdiction (Rule 12(b)(1)) and stated a plausible claim for relief (Rule 12(b)(6)).[1] *Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021).

### A. Eleventh Amendment Sovereign Immunity

Because it touches on our subject-matter jurisdiction, we begin with whether sovereign immunity bars this suit. The only argument Workforce Development Area raises in opposition is that the Commonwealth defendants have waived their sovereign immunity by failing to invoke it in their first motion to dismiss. Docket No. 42, pgs. 15–16. While there are some arguments that are waived if not raised in a party's first pre-answer motion, *see* FED. R. CIV. P. 12(h)(1),

---

1. We may also consider the facts presented to us in Workforce Development Area's opposition to the Commonwealth defendants' motion to dismiss. *Arturet-Velez v. R.J. Reynolds Tobacco Co.* 429 F.3d 10, 13 n.2 (1st Cir. 2005) (stating that a court may consider "concessions in the complainant's response to the motion to dismiss").

| | |
|---|---:|
| The Workforce Development Area of Northwest<br>v. Commonwealth of Puerto Rico et al. | Page 5 |

sovereign immunity is not one of them. And although it may be waived through "affirmative conduct in litigation" that is "unambiguous" and "evince[s] a clear choice to submit [the state's] rights for adjudication by the federal court," *Ramos-Piñero v. Puerto Rico*, 453 F.3d 48, 52 (1st Cir. 2006) (first quoting *New Hampshire v. Ramsey*, 366 F.3d 1, 5 (1st Cir. 2004); and then quoting *Maysonet-Robles v. Cabrero*, 323 F.3d 42, 52 (1st Cir. 2003)), there has been no such conduct here.

We turn now to the merits. The Eleventh Amendment shields states[2] and their officials from suit in federal court when sued by their own citizens. *Grajales v. P.R. Ports Auth.*, 831 F.3d 11, 15 (1st Cir. 2016). But there is an exception. *Ex parte Young*, 209 U.S. 123 (1908), allows federal courts to "grant prospective injunctive relief to prevent a continuing violation of federal law." *Doe v. Shibinette*, No. 21-1058, 2021 WL 4958249, at *6 (1st Cir. Oct. 26, 2021). To determine

---

2. Puerto Rico is treated as a state for purposes of the Eleventh Amendment. *Borrás-Borrero v. Corporación del Seguro del Estado*, 958 F.3d 26, 33 (1st Cir. 2020).

whether *Ex parte Young* applies, we evaluate whether the complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Workforce Development Area satisfies the first part of this inquiry: It alleges that the Commonwealth defendants are violating the Due Process Clause and the Workforce Innovation and Opportunity Act by withholding funds that it is entitled to. Docket No. 1, pg. 18.

But we take pause at the second part. Prospective relief is a remedy "designed to end a continuing violation of law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Retrospective relief, in contrast, is "compensatory or deterrent" in nature. *Id.* So, as a general matter, an "*Ex parte Young* action cannot be used to obtain an injunction requiring the payment of funds from the State's treasury." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 256 (2011).

There are, however, some situations where an *Ex parte Young* action is available even though the prospective relief

| The Workforce Development Area of Northwest v. Commonwealth of Puerto Rico et al. | Page 7 |
|---|---|

will have a "direct and substantial impact on the state treasury." *Milliken v. Bradley*, 433 U.S. 267, 290 (1977). This is allowed so long as those fiscal consequences "are the necessary result of compliance with decrees which by their terms [are] prospective in nature." *Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974). In *Coalition for Basic Human Needs v. King*, 654 F.2d 838 (1st Cir. 1981), for example, the U.S. Court of Appeals for the First Circuit held that the Eleventh Amendment did not bar an injunction requiring the state to "resume payment of [Aid to Families with Dependent Children] benefits prospectively." *Id.* at 842. Similarly, in *Edelman*, the U.S. Supreme Court held that the Eleventh Amendment did not bar an injunction requiring Illinois to conform its future conduct in administering the Aid to the Aged, Blind, or Disabled program to federal regulations. *Id.* at 664. But it did bar an injunction requiring Illinois to make back payments on money wrongfully withheld because of Illinois's failure to comply with these regulations. *Id.* at 656, 664 (holding that the Eleventh Amendment barred an

| | |
|---|---:|
| The Workforce Development Area of Northwest<br>v. Commonwealth of Puerto Rico et al. | Page 8 |

injunction ordering Illinois to "release and remit AABD benefits wrongfully withheld").

Here, Workplace Development Area asks us to provide declaratory relief and "preliminarily and permanently enjoin [d]efendants to immediately make the illegally withheld [Workforce Innovation and Opportunity Act] [f]unds available" to it. Docket No. 1, pg. 20.

We begin with Workforce Development Area's request for injunctive relief. It is asking us to order the defendants to disburse wrongfully withheld funds: $27,750.00, to be exact.[3] Though the difference between a prospective injunction and retroactive monetary damages is not always clear, *Edelman*, 415 U.S. at 667, it is here. The Eleventh Amendment bars an injunction seeking benefits that have been wrongfully

---

3. In its complaint, Workforce Development Area asked us to order the defendants to make $133,716.15 in withheld funds available and declare that the defendants' threat to withhold another $80,513.85 violates its federal rights. Docket No. 1, pg. 20. But in its opposition to the Commonwealth defendants' motion to dismiss, it tells us that the defendants have released all the withheld funds except for $27,750.00 and have made no further threat to withhold funds. Docket No. 42, pg. 3.

| | |
|---|---|
| The Workforce Development Area of Northwest v. Commonwealth of Puerto Rico et al. | Page 9 |

withheld—it permits only an injunction ordering compliance moving forward. *Edelman*, 415 U.S. at 664; *see also Concilio de Salud Integral de Loíza, Inc. v. Perez-Perdomo*, 625 F.3d 15, 19 (1st Cir. 2010) ("[A] federal court cannot ordinarily order money payments by a state to make up for past violations of a federal statute."). The Eleventh Amendment, thus, bars Workforce Development Area's request for an injunction ordering the defendants to "make the illegally withheld [Workforce Innovation and Opportunity Act] [f]unds available" to it.

We turn next to its request for declaratory relief. Workforce Development Area asks us first to declare that the defendants' refusal to release the wrongfully withheld funds "was a violation of a right under federal law." Docket No. 1, pgs. 11, 20. But this declaratory relief would be retrospective in nature because it would address a past—rather than ongoing—violation of federal law. So the Eleventh Amendment bars this relief as well. *See Green*, 474 U.S. at 73 (explaining that a declaratory judgment is not available to evaluate the legality of past state conduct where the Eleventh

Amendment would bar the court from awarding damages).

### B. Ripeness

Workforce Development Area asks us next to declare that the defendants' "threat to withhold future funds" is a violation of their federal rights. Docket No. 1, pg. 20. Though this prospective relief does not offend the Eleventh Amendment, this claim is not ripe for review.[4]

Article III of the Constitution limits our jurisdiction to cases or controversies. *Penobscot Nation v. Frey*, 3 F.4th 484, 508 (1st Cir. 2021). The ripeness doctrine stems from this limitation, *id.*, and seeks to "prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" *Campamento Contra las Cenizas en Peñuelas, Inc. v. Fin. Oversight & Mgmt.*

---

4. The parties did not raise this issue. But ripeness concerns our Article III jurisdiction, so "we must consider the question on our own initiative." *Metro. Wash. Airports Auth. v. Citizens for Abatement of Aircraft Noise*, 501 U.S. 252, 265 n.13 (1991); *see also Fideicosimo de la Tierra del Caño Martin Peña v. Fortuño*, 604 F.3d 7, 16 (1st Cir. 2010) ("[O]ur 'obligation to inquire sua sponte into our jurisdiction over the matter' exists in every case." (quoting *Doyle v. Huntress, Inc.*, 419 F.3d 3, 6 (1st Cir. 2005))).

*Bd.*, 9 F.4th 1, 8 (1st Cir. 2021) (quoting *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017)). To determine whether a claim is ripe, we evaluate two factors: fitness and hardship. *N.H. Lottery Comm'n v. Rosen*, 986 F.3d 38, 52 (1st Cir. 2021). Fitness involves "finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed," and hardship "typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties." *Id.* (quoting *R.I. Ass'n of Realtors v. Whitehouse*, 199 F.3d 26, 33 (1st Cir. 1999)).

We turn first to fitness. Workforce Development Area is asking us to pass judgment on the legality of the defendants' conduct if they finally acted on a two-year-old initial determination. In its complaint it asks us for a declaration that the defendants' threat to withhold future funds is a violation of its federal rights. Docket No. 1, pg. 20. But in its opposition to the Commonwealth defendants' motion to dismiss, it tells us that "no further threats to continue withholding additional funds . . . have been presented." Docket No. 42, pg. 3. Its

| | |
|---|---|
| The Workforce Development Area of Northwest v. Commonwealth of Puerto Rico et al. | Page 12 |

complaint was filed on June 27, 2019, and its opposition was filed on May 10, 2021.[5] Because the defendants' threat has not manifested itself after two years, we believe that Workforce Development Area's claim hinges on "uncertain and contingent events that may not occur as anticipated or may not occur at all." *Penobscot Nation*, 1 F.4th at 509 (quoting *Town of Barnstable v. O'Connor*, 786 F.3d 130, 143 (1st Cir. 2015)); *see also Verizon New Eng., Inc. v. Int'l Brotherhood of Elec. Workers, Local No. 2322*, 651 F.3d 176, 189 (1st Cir. 2011) (comparing situations where "[t]here is little difficulty in finding an actual controversy [because] all the acts alleged to create liability have already occurred" with situations where "a declaration is sought on the legal consequences of a hypothetical act that may or may not occur in the future"). Our conclusion is also

---

5. We asked the parties to resubmit their filings (*i.e.,* motion to dismiss, opposition, and reply). Docket No. 38. So, although Workforce Development Area filed an opposition to the Commonwealth defendants' original motion to dismiss five months after this lawsuit was filed, it filed a new opposition with new material almost two years later. *See* Docket No. 42.

supported by the fact that the threat to withhold funds was an initial determination—not a final one. Docket No. 1, pg. 16.

And without knowing the precise facts of this future violation—especially where, as here, the claim hinges on whether a complex set of state and federal regulations have been properly followed—it would be difficult for us to make a well-informed decision. *See Nat'l Park Hosp. Ass'n v. Dep't of the Interior*, 538 U.S. 803, 812 (2003) (explaining that even purely legal questions may be unripe where "further factual development would significantly advance [the court's] ability to deal with the legal issues presented"); *see also Riva v. Massachusetts*, 61 F.3d 1003, 1010 (1st Cir. 1995) (stating that courts are less likely to find a claim ripe when "the absence of a concrete factual situation seriously inhibits the weighing of competing interests").

We turn next to hardship. Workforce Development Area posits that the future withholding of funds could lead to sixty people losing their jobs and many more losing their education and training services. Docket No. 1, pg. 17. And it would also

The Workforce Development Area of Northwest v. Commonwealth of Puerto Rico et al.

Page 14

be difficult to rebuild the workforce training system once it is destroyed. *Id.* We are sympathetic to these concerns. But they do not outweigh our conclusion that this claim is not fit for judicial review. *See Labor Rels. Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016) ("'The conditional nature of the claims' strongly counsels against a finding of hardship." (quoting *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 73 (1st Cir. 2003))); *Roman Cath. Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89 (1st Cir. 2013) ("Generally, a 'mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship.'" (quoting *Verizon New. Eng., Inc.*, 651 F.3d at 188)). Nor would this threat, if it came to pass, deny Workforce Development Area a significant right. *Cf. Sullivan v. City of Augusta*, 511 F.3d 16, 31 (1st Cir. 2007) ("[W]hen free speech is at issue, concerns over chilling effect call for a relaxation of ripeness requirements.").

Case 3:19-cv-01621-SCC   Document 50   Filed 11/12/21   Page 15 of 15

The Workforce Development Area of Northwest         Page 15
v. Commonwealth of Puerto Rico et al.

### III.   CONCLUSION

In sum, we **GRANT** the Commonwealth defendants' motion to dismiss Workforce Development Area's complaint (Docket No. 39).[6] The Eleventh Amendment bars Workforce Development Area's claims for declaratory and injunctive relief from defendants' withholding of its funds, so we **DISMISS** those claims **WITHOUT PREJUDICE**. And Workforce Development Area's claim for declaratory relief from the defendants' threat of withholding future funds is not yet ripe for review, so we **DISMISS** it **WITHOUT PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of November 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

6. Defendant Emilio Colón-Zabala never appeared and, thus, was not part of the Commonwealth defendants' motion to dismiss. We nonetheless dismiss Workforce Development Area's complaint as to him as well for the same reasons discussed above.